UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHRYN A. REGIS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | No. 11-CV-102-JPH<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec.17, 20.) Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Thomas S. Inman represents defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** plaintiff's Motion for Summary Judgment and **DENIES** defendant's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff Kathryn A. Regis (plaintiff) filed for disability insurance benefits (DIB) on August 25, 2008. (Tr. 111.) Plaintiff alleged an onset date of February 24, 2007. (Tr. 111.) Benefits were denied initially and on reconsideration. (Tr. 79, 84.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Marie Palachuk on November 10, 2009. (Tr. 41-76.) Plaintiff was represented by counsel and testified at the hearing. (Tr.47-69.) Vocational expert Sharon Welter also testified. (Tr. 70-75.) The ALJ denied benefits (Tr. 16-25) and the Appeals Council denied review. (Tr. 1.) The matter is now before this court pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -1

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 59 years old at the time of the hearing. (Tr. 47.) She graduated from high school. (Tr. 48.) Her last job was cleaning new construction houses. (Tr. 48.) She also has work experience as a food server and cook's helper. (Tr. 49-50, 71.) Plaintiff testified she stopped working after a car accident in February 2007. (Tr. 50-51.) She attempted to work a few days after the accident but it hurt too much. (Tr. 50.) The accident caused whiplash which affected her neck, shoulders and upper back. (Tr. 51.) She was nervous and stressed after the accident. (Tr. 52.) A few months after the accident, she had a shingles outbreak. (Tr. 52.) Even though the lesions healed, she has post herpetic neuralgia which causes pain. (Tr. 54, 56.) She takes medication to take the edge off the pain. (Tr. 55.) She also takes medication for bladder leakage but still uses the bathroom frequently at night. (Tr. 56.) Her medications make her tired. (Tr. 61.) She has to take at least two naps per day. (Tr. 61.) Plaintiff also testified she has lower back pain and depression. (Tr. 63-64, 67.)

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record

as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe

impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since February 24, 2007, the alleged onset date. (Tr. 18.) At step two, the ALJ found plaintiff has the following severe impairments: post-herpetic neuralgia, neurogenic bladder, degenerative disc disease, and obesity. (Tr. 18.) At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 20-21.) The ALJ then determined:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she is limited to occasional overhead reaching and climbing stairs, ladders, ropes and scaffolds.

(Tr. 21.) At step four, the ALJ found plaintiff is capable of performing past relevant work (Tr. 24.) Thus, the ALJ concluded plaintiff has not been under a disability as defined in the Social Security Act from February 24, 2007 through the date of the decision. (Tr. 25.)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts: (1) she is more limited than determined by the ALJ; (2) the ALJ did not properly consider the opinion of a treating physician; (3) the ALJ erred in determining she has no mental impairment at step two; and (4) the ALJ did not properly consider or reject her testimony. (ECF No. 18 at 7-14.) Defendant argues: (1) substantial evidence supports the ALJ's RFC finding; (2) the ALJ provided sufficient reasons for giving limited weight to the opinion of a treating physician; (3) substantial evidence supports the ALJ's finding that plaintiff's mental impairment is not severe; and (4) the ALJ properly evaluated plaintiff's credibility. (ECF No. 21 at 14-26.)

## DISCUSSION

**1.    Credibility**

Plaintiff argues the ALJ did not properly consider her testimony or reject symptoms alleged by plaintiff. (ECF No. 18 at 13-14.)    In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -5

1  determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.

2     Once medical evidence of an underlying impairment has been shown, medical findings are not
3  required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th
4  Cir. 1991). If there is evidence of a medically determinable impairment likely to cause an alleged
5  symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons
6  for rejecting a claimant's subjective complaints. *Id.* at 346. The ALJ may not discredit pain testimony
7  merely because a claimant's reported degree of pain is unsupported by objective medical findings.
8  *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The following factors may also be considered: (1)
9  the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between
10 his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and
11 (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's
12 condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

13     If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is
14 unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit
15 the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*,
16 169 F.3d 595, 601-02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's
17 reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir.
18 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ
19 "must specifically identify the testimony she or he finds not to be credible and must explain what
20 evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir.
21 2001)(citation omitted).

22     The ALJ found plaintiff's medically determinable impairments could reasonably be expected
23 to cause the alleged symptoms, but the plaintiff's statements concerning the intensity, persistence and
24 limiting effects of these symptoms are not credible to the extent they are inconsistent with the RFC
25 assessment. (Tr. 22.) Plaintiff's only assertion regarding the credibility finding involves the ALJ's
26 rejection of plaintiff's testimony that she requires naps twice per day. (ECF No. 18 at 14.) The ALJ
27 cited specific evidence and inconsistencies supporting the credibility finding over two pages of the
28 decision. (Tr. 22-24.) Plaintiff discusses only plaintiff's need for naps and does not address or discuss

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -6

any of the other evidence or reasons cited by the ALJ in support of the credibility finding. Two of the reasons given by the ALJ in rejecting plaintiff's testimony are the objective medical evidence and claimant's self-reports of activity do not support the level of limitation claimed. (Tr. 22, 24.) One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record. S.S.R. 96-7p. The ALJ must consider such factors as the degree to which the individual's statements are consistent with the medical signs and laboratory findings and other information provided by medical sources, including information about medical history and treatment. *Id.* Similarly, it is reasonable for an ALJ to consider a claimant's activities which undermine claims of totally disabling pain in making the credibility determination. *See Rollins*, 261 F.3d at 857. Plaintiff does not object to the ALJ's reasons for rejecting plaintiff's credibility and the ALJ cited evidence supporting this reasoning over two pages of the decision. The court therefore concludes the ALJ cited clear and convincing reasons supported by substantial evidence justifying the negative credibility finding.

With regard to plaintiff's testimony that she requires two naps per day, the ALJ observed this is "a subjective complaint that is unsupported by objective medical or other evidence." (Tr. 24.) The ALJ pointed out the record does not contain any complaints made by plaintiff regarding the side effects of her pain medication or any verbal desire to change medications because of the fatigue she allegedly experiences. (Tr. 24.) Without citing the record, plaintiff asserts "This is untrue, as the objective medical evidence indicates that Ms. Regis' fatigue has been diagnosed, as well as the postherapetic neuralgia which causes severe pain." (ECF No. 18 at 14.) Further, without citing any legal authority, plaintiff asserts, "The ALJ was also required to specifically state why Ms. Regis' testimony regarding her need to nap was not credible and what facts in the record led to that conclusion." (ECF No. 18 at 14.)

Plaintiff's argument is unclear. The ALJ stated plaintiff's alleged need to nap two times per day is not documented in the record. (Tr. 24.) This is a clear and convincing reason for rejecting the nap testimony. The ALJ did not assert there is zero evidence of fatigue in the record. Indeed, "intermittent fatigue" was recorded noted by Dr. Wandschneider on October 5 and October 12, 2007. (Tr. 212, 220.) Dr. Eastburn circled the word "fatigue" on his office visit notes form dated December

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -7

16, 2008, and in October 2009, Dr. Pollack awkwardly noted, "She reports fatigue, exhaustion, and weakness are common." (Tr. 259, 281.) Four mentions of fatigue over a three-year period does not indicate the need to nap twice a day or suggest a level of fatigue so severe as to be disabling. Plaintiff fails to cite any evidence confirming plaintiff's need for frequent naps. Ironically, plaintiff accuses the ALJ of making a "broad statement" (ECF No. 18 at 14) without clearly stating her argument or citing supporting evidence or legal authority. The ALJ pointed out an inconsistency between plaintiff's testimony and the absence of corresponding complaints in the record which can reasonably be interpreted to reflect negatively on plaintiff's credibility. It is reasonable for the ALJ to conclude that the failure to complain about an allegedly disabling symptom suggests a degree of exaggeration or lack of credibility. The ALJ's explanation for rejecting plaintiff's nap testimony is specific, clear and convincing, and supported by substantial evidence in the record.

**2.     Step Two**

Plaintiff argues the ALJ should have determined she has a severe mental impairment at step two. (ECF No. 18 at 10-13.) At step two of the sequential process, the ALJ must determine whether Plaintiff suffers from a "severe" impairment, i.e., one that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c). To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe" or "disabling" as defined by the Social Security regulations. *See e.g. Edlund*, 253 F.3d at 1159-60; *Fair*, 885 F.2d at 603; *Key v. Heckler*, 754 F.2d 1545, 1549050 (9th Cir. 1985).

The Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." S.S.R. 85-28. The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in S.S.R. 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987). "The severity requirement cannot be satisfied when medical evidence shows that the person

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -8

has the ability to perform basic work activities, as required in most jobs." S.S.R. 85-28. Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting." *Id.*

Further, even where non-severe impairments exist, these impairments must be considered in combination at step two to determine if, together, they have more than a minimal effect on a claimant's ability to perform work activities. 20 C.F.R. § 416.929. If impairments in combination have a significant effect on a claimant's ability to do basic work activities, they must be considered throughout the sequential evaluation process. *Id.*

The ALJ analyzed the evidence of plaintiff's depression and the four broad functional areas set forth in the disability regulations for evaluating mental disorders over two pages of the decision. (Tr. 19-20.) Plaintiff relies solely on the psychological assessment of Dr. Pollack, whose opinion was rejected by the ALJ. (Tr. 20.) If the opinion was properly rejected, the ALJ's step two finding that plaintiff's depression is not a severe impairment is supported by substantial evidence.

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

Dr. Pollack completed a psychological assessment and a Mental Medical Source Statement form

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -9

1  dated November 8, 2009. (Tr. 277-86.) Dr. Pollack diagnosed major depressive disorder and pain disorder
2  associated with both psychological factors and general medical condition. (Tr. 281.) He assessed marked
3  limitations in two cognitive areas: the ability to sustain and ordinary work routine without special
4  supervision; and the ability to complete a normal workday and workweek without interruption from
5  psychologically based symptoms and to perform at a consistent pace without an unreasonable number and
6  length of rest periods. (Tr. 283-85.) The vocational expert testified a person with those marked
7  impairments would not be able to maintain competitive gainful employment. (Tr. 74.)

8      The ALJ assigned no significant weight to Dr. Pollack's report and assessment. (Tr. 20.) In
9  disability proceedings, a treating physician's opinion carries more weight than an examining physician's
10 opinion, and an examining physician's opinion is given more weight than that of a non-examining
11 physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th
12 Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected
13 only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be
14 rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record.
15 *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized
16 conflicting medical evidence, the absence of regular medical treatment during the alleged period of
17 disability, and the lack of medical support for doctors' reports based substantially on a claimant's
18 subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining
19 physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir.
20 1995); *Fair*, 885 F.2d at 604.

21      The ALJ gave two reasons for rejecting Dr. Pollack's opinion. (Tr. 20.) First, the ALJ concluded
22 Dr. Pollack's assessment is inconsistent with his own findings. (Tr. 20.) A medical opinion may be
23 rejected by the ALJ if it is conclusory, contains inconsistencies, or is inadequately supported. *Bray v.*
24 *Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Thomas*, 278 F.3d at 957. Similarly, a
25 physician's opinion may be rejected if it is unsupported by the physician's treatment notes. *See Connett*
26 *v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003) (affirming ALJ's rejection of physician's opinion as
27 unsupported by physician's treatment notes). The ALJ observed that Dr. Pollack's narrative report
28 indicates plaintiff has no limitations in her ability to carry out simple or complex instructions, maintain

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -10

attention and concentration for extended periods, or work in coordination with others without be distracted by them, but without explanation indicates plaintiff was markedly limited in the ability to complete a normal workday and workweek. (Tr. 20, 283-85.) Furthermore, Dr. Pollack noted plaintiff's thinking was "logical and progressive," but reported her score on Part B of the Trail Making Test indicated a neuropsychological deficit. (Tr. 20, 277, 281.) The ALJ pointed out the extent of the deficit was not discussed by Dr. Pollack, and later in the report, Dr. Pollack indicated testing only "suggests" a cognitive deficit that could be clarified through additional testing. (Tr. 20, 281.) The ALJ reasonably viewed Dr. Pollack's report as unsupported and inconsistent with his own findings.

The ALJ also rejected Dr. Pollack's opinion because it is inconsistent with other medical evidence. (Tr. 20.) The consistency of a medical opinion with the record as a whole is a relevant factor in evaluating a medical opinion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Dr. Wandscheider's records noted plaintiff had a normal attention span and concentration in January and March 2008. (Tr. 19, 194, 197.) The ALJ pointed out the state reviewing psychologists assessed plaintiff to be mildly limited in concentration, persistence and pace with no severe impairment. (Tr. 19, 236-49, 263.) In short, there is no other evidence in the record suggesting the marked impairments assessed by Dr. Pollack. The ALJ thoroughly discussed Dr. Pollack's opinion and provided specific, legitimate reasons supported by substantial evidence justifying rejection of the assessment.

Because the ALJ did not err in rejecting Dr. Pollack's opinion, and because the ALJ's analysis of limitations caused by plaintiff's depression is supported by substantial evidence, the ALJ did not err in finding no severe mental impairment at step two.

**3.   Dr. Eastburn**

Plaintiff argues the ALJ failed to properly consider and weigh the opinion of Dr. Eastburn. (ECF No. 18 at 9-10.) Dr. Eastburn wrote a letter dated November 1, 2009 describing plaintiff's medical history since the February 24, 2007 motor vehicle accident. (Tr. 287-88.) Dr. Eastburn identified whiplash, lumbar strain, shingles, depression and PTSD as results of the car accident. (Tr. 287.) Dr. Eastburn opined the prognosis for plaintiff's neck and back are fair with long-term pain being the biggest problem and indicated the post-herpetic neuralgia is "in all likelihood" permanent. (Tr. 287.) He opined plaintiff would

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -11

probably require narcotic therapy for the rest of her life and will likely not be able to function at any type of work. (Tr. 288.) Dr. Eastburn doubts plaintiff will be able to work in any capacity secondary to the disabilities he identified. (Tr. 288.)

The ALJ assigned no significant weight to Dr. Eastburn's opinion. (Tr. 24.) Plaintiff argues the ALJ did not properly consider the opinion of Dr. Eastburn.[1] (ECF No. 18 at 9.) One of the reasons given by the ALJ in rejecting Dr. Eastburn's opinion is that "It does not appear from the evidence of record that Dr. Eastburn has seen the claimant more than the one time in December 2008 when she obtained her spinal x-rays." (Tr. 24.) Dr. Eastburn saw plaintiff on December 16, 2008, January 27, March 12, April 28, August 25, and October 26 of 2009.[2] (Tr. 259, 268-69, 274, 297, 305.) Thus, the ALJ erroneously considered Dr. Eastburn's opinion to be based on one visit rather than several visits documented in the record.

The ALJ also gave other reasons for rejecting Dr. Eastburn's opinion. Another reason mentioned by the ALJ in rejecting Dr. Eastburn's opinion is that Dr. Eastburn's notes from the December 2008 office visit lack any significant support for the statements in his November 2009 letter "almost one year later." (Tr. 24.) A medical opinion may be rejected if it is unsupported by medical findings. *Bray v. Comm'r*

---

[1] Plaintiff argues clear and convincing reasons must be provided by the ALJ in rejecting Dr. Eastburn's opinion because he is an attending physician. (ECF No. 18 at 9) However, in the case cited by plaintiff, *Embrey v. Bowen*, 849 F.2d 418 (9th Cir. 1988), the court indicated specific, legitimate reasons supported by substantial evidence are required if an ALJ chooses to disregard the opinion of a treating physician. *Id.* at 421. Dr. Eastburn's opinion is contradicted by the opinions of Dr. Staley and Dr. Scottolini, state reviewing physicians whose findings are consistent with the RFC assessed by the ALJ. (Tr. 250-57, 264.) Thus, the ALJ was required to supply specific, legitimate reasons rather than clear and convincing reasons for rejecting Dr. Eastburn's opinion. *See Andrews*, 53 F.3d at 1043; *Embrey* at *id.*

[2] Plaintiff also asserts Dr. Eastburn saw plaintiff on November 1, 2009, but there is no evidence of an office visit on the date Dr. Eastburn's opinion letter was written. Additionally, it is noted that the records from August 25 and September 26, 2009 were submitted to the Appeals Council after the ALJ's decision and thus the ALJ could not have erred by overlooking those records. (Tr. 295.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -12

*Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001), *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992). The court observes Dr. Eastburn's office visit notes are on the sparse side, but the ALJ's reasoning includes the assumption that plaintiff's only office visit was the December 2008 office visit. However, plaintiff saw Dr. Eastburn five additional times between the December 2008 visit and the November 2009 opinion letter. Because the ALJ erred about the basis for Dr. Eastburn's opinion, this reason is not supported by substantial evidence.

      The ALJ also reasoned that Dr. Eastburn's opinion is not substantiated by other medical evidence. An ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings. As noted *supra*, the amount of relevant evidence supporting the opinion and the quality of the explanation provided in the opinion are important factors in evaluating a medical opinion. *Lingenfelter*, 504 F.3d at 1042; *Orn*, 495 F.3d at 631. The ALJ pointed out no other physician in the record opined plaintiff was disabled. (Tr. 24.) However, no other treating or examining physician in the record offered an opinion on disability. The only "not disabled" opinions are those of the non-examining physicians, Dr. Scottolini and Dr. Staley. (Tr.250-57, 264.) Neither of the state reviewing physicians had the opportunity to review Dr. Eastburn's opinion before making their findings. Since Dr. Eastburn is the only treating physician in the record and he opined plaintiff is disabled, the court concludes this is not a specific, legitimate reason supported by substantial evidence.

      Because the ALJ's reasons for rejecting Dr. Eastburn's opinion are based on legal error, the opinion was not properly rejected. It is also noted that the ALJ cited but did not comment on Dr. Eastburn's status as a "primary investigator for multiple studies done on post-herpetic neuralgia and pain" or his opinion that plaintiff will more likely than not be on narcotic medication for the rest of her life, both factors which should be considered in weighing Dr. Eastburn's opinion. (Tr. 24, 288.) On remand, the court suggests the ALJ obtain testimony from a medical expert with the expertise to offer an opinion on plaintiff's post-herpetic neuralgia or otherwise develop the record as needed.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -13

# CONCLUSION

The ALJ's decision is not supported by substantial evidence and free of legal error. The ALJ failed to properly reject medical opinion evidence. On remand, the ALJ should reconsider Dr. Eastburn's opinion and, if rejected, provide legally sufficient justification. The ALJ should call an expert witness or otherwise develop the record as necessary to ensure substantial evidence exists to support the ALJ's findings.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is **GRANTED**. The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 20 )** is **DENIED**.

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for plaintiff and the file shall be **CLOSED**.

DATED October 3, 2012

S/ JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE